Martin R. Lueck (*Pro Hac Vice* pending)
*MRLueck@rkmc.com*
Robert J. Gilbertson (*Pro Hac Vice* pending)
*RJGilbertson@rkmc.com*
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza – 800 LaSalle Avenue
Minneapolis, MN  55402-2015
Telephone:   (612) 349-8500
Facsimile:    (612) 339-4181

J. Scott Culpepper (*Pro Hac Vice*)
*JSCulpepper@rkmc.com*
Jacqueline R. Knapp (*Pro Hac Vice* pending)
*JRKnapp@rkmc.com*
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, Georgia  30326-1386
Telephone:   (404) 760-4300
Facsimile:    (404) 233-1267

Roman M. Silberfeld, *RMSilberfeld@rkmc.com* (SBN 62783)
David Martinez, *DMartinez@rkmc.com* (SBN 193183)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:   (310) 552-0130
Facsimile:    (310) 229-5800

Attorneys for Defendant and Counterclaimant
HONEYWELL INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENSO CORPORATION and DENSO INTERNATIONAL AMERICA, INC.,<br><br>               Plaintiffs,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.<br><br>               Defendant, | **Case No.  CV07-6459 CAS (MANx)**<br><br>**[Assigned to the Honorable Christina A. Snyder]**<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>*Note: Changes Made By The Court* |

HONEYWELL INTERNATIONAL INC.,

           Counterclaimant,

v.

DENSO CORPORATION and DENSO INTERNATIONAL AMERICA, INC.,

           Counterclaim Defendants.

## I. PROTECTIVE ORDER

The following order shall govern the production or provision of confidential information or things by the parties in this case and any third parties (provided such third parties recognize and accept the procedures herein) for the purpose of responding to discovery requests or inquiries (to include but not be limited to interrogatories, requests for document production, requests for admissions, responses to subpoenas duces tecum, and deposition transcripts) and preparation for trial. Pursuant to this order the parties or third parties have the power to designate certain information as "Confidential Information." "Confidential Information" is herein described and defined as information that may be categorized as: "Confidential" or "Confidential – For Trial Counsel Only." The parties or third parties shall designate information as "Confidential Information" only in good faith and not as a mechanism to inhibit or complicate discovery.

### Definitions

1. "Non-Privileged Information" as used herein, shall refer to all information which is not subject to a good faith and justifiable claim of privilege,

whether it be the attorney-client privilege; work product; or, some other applicable privilege.

2. "Confidential Information" as used herein means any type of information which is designated (pursuant to the conditions herein) by the Supplying Party (defined hereinafter at paragraph 3) in good faith as "Confidential" or "Confidential – For Trial Counsel Only," whether it be confidential information, a document, information contained in a document, information revealed during a deposition (including transcripts and exhibits), information revealed in an interrogatory answer, or otherwise. Specifically, "Confidential Information" shall refer to trade secrets, or other confidential research, development, or commercial information such as contemplated by Fed.R.Civ.P. 26(c) and case law decided thereunder, and also shall include information not generally disseminated or available to the public, information to which free access is not available to the public, information to which only limited access is permitted to employees of the Supplying Party, and/or information to which dissemination or disclosure would present a real or potential economic threat to the economic security of the Supplying Party.

3. "Supplying Party," "Designating Party" and "Producing Party" are used interchangeably herein, and refer to the party making information (confidential and/or non-privileged) available.

4. "Qualified Person" as used herein means:

(a) Attorneys of record in this proceeding and any associated counsel, and employees of such attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this proceeding;

(b) Any person hired by a party or its attorneys of record in this proceeding, including testifying experts, investigators, consulting experts advisors, jury consultants and mock jury members, or any

other "independent expert," each of whom is not a competitor, employed by a competitor, or an agent of a competitor of the Supplying Party, and who is not employed by or associated with either party (other than for purposes of this litigation), and who agrees in writing to be bound by the terms of this Protective Order. Each of these persons must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be served on the Supplying Party before access is allowed to the Confidential Information.

(c) Officers, directors and employees of the parties who are to be given access to Confidential Information on a "need to know" basis for the purpose of trial preparation and/or any other procedures of this case who agree, in writing, to be bound by the terms of this Protective Order. All such persons must complete and sign a Confidentiality Statement in the form of Exhibit A, attached. A copy of that Statement must be served on the supplying party before access is allowed to the Confidential Information.

(d) Court reporter(s) employed in this action, including their necessary stenographic, videographic, and clerical personnel.

(e) Persons testifying in depositions or court proceedings provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer.

(f) The authors and original recipients of the documents.

(g) The Court, any juror, or any other entity authorized by the Court or required by law.

(h)  Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be served on the other party before access is allowed to the Confidential Information.

## "CONFIDENTIAL" Designation

5.  Documents and things produced which contain Confidential Information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

6.  Information disclosed at a deposition (as well as through resulting deposition transcripts and exhibits) of a party, the present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of confidential information of a party, may be designated as "Confidential" by: (a) indicating on the record at the deposition that the testimony is "Confidential" or "Confidential – Subject to Protective Order" and is subject to the provisions of this Order; or (b) following the procedure set forth in paragraph 18 below.

7.  Any information designated as "Confidential" or "Confidential - Subject to Protective Order" shall not be made available by the party receiving it to any persons or entities other than Qualified Persons.

## "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" Designation

8. The use of any particularly sensitive information, (including financial information and sales data) which has been designated as "Confidential" pursuant to the terms of this Protective Order, may be further restricted by the additional designation of such information as "Confidential - For Trial Counsel Only." Except as otherwise agreed to by the parties, or ordered by the Court, all "qualified persons" defined in Paragraph 4, supra, except those identified in Paragraph 4(c), shall have access to information designated "Confidential – For Trial Counsel Only."

9. Documents and things produced which contain particularly sensitive information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL – FOR TRIAL COUNSEL ONLY"

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

10. Information disclosed at the deposition (as well as resulting deposition transcripts and exhibits) of a party or third party, one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of Confidential Information of a party, may be designated as Confidential – For Trial Counsel Only by: (a) indicating on the record at the deposition that the testimony is Confidential – For Trial Counsel Only and is subject to the provisions of this Order; or (b) following the procedure set forth in paragraph 20 below. Unless counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" for a period of time not to exceed 30 days after the party receives a copy of the final deposition transcript, during which time the party may designate, in writing, specific portions of the

1 transcript "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" as appropriate.  If
2 the party fails to designate in writing any portions of the transcript as
3 "CONFIDENTIAL" OR "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY"
4 within the 30-day period, the other parties shall be permitted to use the transcript
5 and the information contained therein with no restrictions of confidentiality.  The
6 time period set forth in this paragraph may be shortened or enlarged by written
7 consent of the parties.

8     11.    The designating party shall have the right to have all persons, except
9 the witness, attorneys of record for named parties, members of such attorneys'
10 regularly employed office staffs as are necessary for the conduct of this case, court
11 reporter and/or videographer, and counsel for the witness excluded from the room
12 before the taking of testimony or any part thereof which the designating party
13 designates as "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" subject to this
14 Order.

15     **A.**    <u>**Provisions Applicable to Confidential Information**</u>

16     12.    Except as set forth herein, documents produced which are subject to
17 claims of Confidentiality or Confidential – For Trial Counsel Only as set forth
18 herein shall be so designated at the time of furnishing to prevent dissemination or
19 disclosure.

20     In designating information as Confidential, or Confidential – For Trial
21 Counsel Only the designating party will make such designation only as to those
22 documents or that information which the party in good faith believes contains
23 Confidential Information and when using the designation Confidential – For Trial
24 Counsel Only, which party in good faith further believes contains Confidential
25 Information of a particularly sensitive nature.  In the event that the party receiving
26 information designated as Confidential, or Confidential – For Trial Counsel Only
27 objects to such designation, that party shall notify the designating party in writing
28 as to the specific objections, itemizing them with particularity, along with the basis

(both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve their differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each parties' proprietary interest.  In the event that the parties are not able to reach an agreement under this provision, the objecting party may file a motion objecting to the designation within twenty-one (21) days after the date of notice of the party's objection was first given to the producing party, in accordance with the Local Rules of the Central District of California.

When a motion objecting to a designation is filed, the party making the disputed designation shall bear the burden of proving that the information has been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY." The disputed information shall be treated according to its designation as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" until the dispute is amicably resolved or until the Court orders that the information was not properly designated.

No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter.  No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter.

13. Confidential Information shall not be made available by the receiving party to those Qualified Persons identified in Paragraph 4(b), 4(c), or 4(h) (above) until ten (10) calendar days after service on the opposing party of a copy of the executed Confidentiality Statement of Exhibit A.  Prior to disclosure of information designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" to testifying experts, investigators, consulting experts, advisors, and jury consultants, as provided in Paragraph 4(b) above, a copy of the executed declaration attached as Exhibit A together with such person's current curriculum vitae shall be served on the party that produced and designated such information.  It

shall be sufficient for a testifying expert, investigator, consultant, advisor, and jury consultant to execute the declaration on behalf of the members and employees of his or her firm; no additional declarations are necessary from such members and employees. The producing/designating party shall make any objections to the disclosure of such information in writing no later than ten (10) calendar days from the date the executed declaration and curriculum vitae are received. If an objection is lodged, the parties shall promptly attempt to resolve the objection amicably. If the objection is not resolved amicably, the producing/designating party must file a motion with the Court objecting to the disclosure within twenty-one (21) business days from the date the objection was lodged or such objection shall be deemed waived. There shall be no disclosure of such "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" information until and unless: (a) the initial ten (10) calendar day period has lapsed and no written objection has been lodged, (b) the objection is resolved amicably by the parties, (c) the court has entered an order permitting such disclosure, or (d) the second twenty-one (21) business-day period following the written objection has lapsed and no motion concerning the disclosure has been filed by the producing/designating party.

14. When a party seeks to disclose Confidential Information to a person who is being deposed who is not a "qualified person" as defined in Paragraph 4, the following procedures must be followed:

the receiving party shall inform the producing/designating party of the documents or information proposed to be disclosed, the person or persons to whom disclosure is proposed to be made, the extent of the proposed disclosure required, the basis for such proposed disclosure, and request approval from the producing/designating party for the disclosure. The parties shall attempt to agree on terms and conditions for such approval. If approval from the producing/designating party can not be obtained, the receiving party may seek approval from the Court to disclose such information. Approval of the proposed disclosure must, in any event, be

1  obtained before the disclosure is made by the receiving party under this paragraph. Nothing herein is intended in any way to restrict the ability of the receiving party to use Confidential Information produced to it in examining or cross-examining any employee, former employee, agent or expert of the producing party, or any person who authored or was a prior recipient of the Confidential Information.

15. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, or if the Court, after notice to all parties, and subject to all parties' appellate rights, **if any,** orders such disclosure. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information as it deems appropriate. This Order shall not restrict the disclosure of material that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain after the time of disclosure, through no fault of the receiving party; (c) was received from a third party who was under no obligation of confidentiality to the producing party; (d) is derived or obtained independently of the disclosure; or, (e) was lawfully in the possession, custody or control of the receiving party prior to the receipt of such information from the disclosing party, any of which the receiving party shall have the burden of proving.

16. If a third party, through discovery procedures, supplies material to a party to the action that is subject to a claim of confidentiality, the terms of this Order shall apply to such material to the same extent as if it had been produced by a party, provided such third party recognizes and accepts the procedures herein. Nothing herein shall be taken to imply that a failure of a third party to agree to the terms and provisions of this Order shall constitute a waiver of any party's pre-existing rights to confidential treatment of any documents or other information produced by a third party through discovery procedures in this action.

17. Subject to the provisions of paragraph 15, no party shall be responsible to another party for any use made of information produced and not designated as Confidential Information.

18. Any information designated as Confidential Information, i.e., "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from the material so designated shall not be used by the other party for any purpose other than in connection with advancing this proceeding.

19. Subject to the other provisions herein, the failure to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" in accordance with this Order and the failure to object to such a designation shall not preclude or in any way prejudice a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY." The parties understand and agree that failure of a party to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" relieves the receiving party of obligations of confidentiality until such designation is made, except as otherwise provided herein. When notice of a producing party's inadvertent failure to mark a document or thing as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" is given by the party to the other parties, the receiving parties shall promptly return or destroy the unmarked documents or things and attempt to retrieve such materials from persons not qualified under this Order to possess such information. The producing party shall promptly produce a properly marked copy of the document or thing.

20. The parties hereto, Honeywell International, Inc., DENSO CORPORATION, and DENSO INTERNATIONAL AMERICA, INC., are engaged

1  in the production and exchange of documents, including electronic data, pursuant to
2  various discovery requests propounded by each party.  All parties acknowledge
3  that, while each party is making effort to identify and withhold from production any
4  document which that party believes is privileged, given the volume and nature of
5  material being exchanged, there is a possibility that certain privileged material may
6  be produced inadvertently.  Accordingly, the parties have agreed to the following
7  nonwaiver agreement.  A party who produces any privileged document without
8  intending to waive the claim of privilege associated with such document may,
9  within ten days after the producing party actually discovers that such inadvertent
10 production occurred, amend its discovery response and notify the other party that
11 such document was inadvertently produced and should have been withheld as
12 privileged.  Once the producing party provides such notice to the requesting party,
13 the requesting party must promptly return the specified document and any copies
14 thereof.  By complying with this obligation, the requesting party does not waive
15 any right it has to challenge the assertion of privilege and request an order of the
16 court denying such privilege.

17     21.  A party shall not be obligated to challenge the propriety of a
18 Confidential Information designation at the time made, and a failure to do so shall
19 not preclude a subsequent challenge thereto. ~~Whenever any document or pleading~~
20 ~~designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR TRIAL~~
21 ~~COUNSEL ONLY" is filed with the Court, such document or pleading shall be~~
22 ~~filed under seal and marked as follows~~:
23 ~~"CONFIDENTIAL" or "CONFIDENTIAL FOR TRIAL COUNSEL~~
24 ~~ONLY"~~
25 ~~IN ACCORDANCE WITH A PROTECTIVE ORDER ENTERED IN THIS~~
26 ~~MATTER DATED _____, THE ENCLOSURE(S) SHALL BE TREATED~~
27 ~~AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON~~
28

1  ~~OTHER THAT THOSE PERSONS AUTHORIZED TO RECEIVE SUCH~~
2  ~~INFORMATION PURSUANT TO THE PROTECTIVE ORDER.~~
3  ~~All filings under seal must be filed in accordance with Local Rule 79-5.1.~~
4  22. ~~The Clerk of this Court is directed to maintain under seal all~~
5  ~~documents and transcripts of deposition testimony filed in Court in this proceeding~~
6  ~~which have been designated, in whole or in part, as Confidential Information by a~~
7  ~~party to this action. It shall be the responsibility of the party claiming the~~
8  ~~Confidential status to obtain court compliance with this paragraph.~~

9  **(a)  This Protective Order creates no entitlement to file under seal information and documents designated as confidential by the Parties. Local Civil Rule 79-5 sets forth the procedures that must be followed when a Party seeks permission from this District Court to file documents under seal.**

14  (b)  Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence advises the other party of the confidential nature of the information prior to its offer.  Without limiting the manner in which such notice may be provided, the inclusion of Confidential Information in a trial exhibit list or deposition designations for trial shall constitute notice under this paragraph.  Any party may move the Court for an order that the evidence be reviewed *in camera* or under other circumstances to prevent unnecessary disclosure**, or for any other appropriate order to protect its Confidential Information**.  The Court ~~will~~ **may** then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded such information at the trial or hearing.

28  ~~(b)  In the event that any Confidential Information is used in any Court~~

1  ~~proceeding in this action, it shall not by such use lose its confidential~~
2  ~~status through such use, and the party using such material shall take all~~
3  ~~steps reasonably available to protect its confidentiality during such~~
4  ~~use.~~

5  (c)  This Order shall be without prejudice to the right of the parties to bring
6  before the Court at any time the question of whether any particular
7  document or information is Confidential Information or whether its use
8  should be restricted. Any such request must specifically and in detail
9  identify the document or information at issue. This Order shall not be
10 deemed to prejudice the parties in any way in any future application
11 for modification of this Order.

12  23.  Unless otherwise permitted herein, within sixty (60) days after the
final disposition of the action, including all appeals therefrom, all documents and information (originals and copies) designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY," and all excerpts therefrom in the possession, custody or control of parties other than the producing party, and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. Outside counsel for parties other than the producing party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product and transcript embodying documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product and transcripts. Upon request, the parties and their counsel shall separately provide written certification to the producing party within sixty (60) days after the final disposition of this action that the actions required by this paragraph have been completed.

This Order shall regulate the handling of information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" throughout the period of this litigation and shall remain in force and effect until modified, superseded or terminated on the record or in writing by stipulation of the parties or by Order of the Court. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement or otherwise.

24. This Protective Order shall apply to third parties that produce information (documents, testimony, or otherwise) in this action. Such third parties may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" which shall thereafter be treated in accordance with this Protective Order.

25. Documents produced by one party which originated with the other, or which the other has a possessory or ownership interest (in the documents or in the information in the documents) may be designated by the other according to this Protective Order and shall be treated by the parties according to this Protective Order, except that they need not be returned according to Paragraph 23.

26. The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate discovery and the preparation of this action for trial of this action, and treatment of such material by counsel for the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

27. An action for contempt arising out of any violation of this Order may be brought in United States District Court for this district.

28. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

29. This Order shall be entered without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

APPROVED FOR ENTRY:

By signing this Protective Order, all counsel of record hereto warrant that they are authorized by their respective clients to sign on behalf of and to bind at client to the terms hereof.

Dated: March 25, 2008

/s/ Robert J. Lenihan, II

Robert J. Lenihan, II

Attorneys for Plaintiffs


/s/ J. Scott Culpepper

J. Scott Culpepper

Attorneys for Defendant

### [~~PROPOSED~~] ORDER

Pursuant to Stipulation, it is so ORDERED.

Dated: April 14, 2008                                    /s/

MARGARET A. NAGLE,
UNITED STATES MAGISTRATE JUDGE

## CONFIDENTIALITY STATEMENT

UNDERTAKING OF _____

STATE OF _____ )
                           ) ss.
COUNTY OF _____ )

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in this case signed by District Judge _____ on _____.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived therefrom, including words, substance summaries, abstracts or indices of Confidential Information disclosed to me.

8. I shall return all materials containing Confidential Information and summaries, abstracts, and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed, retained, or otherwise designated as a Qualified Person pursuant to the Protective Order.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated: _____

                             Signature

Subscribed and sworn to before me this _____ day of _____, 2008.

_____
Notary Public, State of _____
County of _____
My Commission Expires: _____